MARY WILLIAMS, PLAINTIFF IN ERROR, v. BEACH PIRATES CHEMICAL ENGINE COMPANY, DEFENDANT IN ERROR.

Argued November 8, 1905—Decided June 11, 1906.

Conditions that render a demise void for breach of covenants by the lessee will work an avoidance only at the election of the lessor.

---

On error to the Atlantic Circuit Court.

Before GUMMERE, CHIEF JUSTICE, and Justices HENDRICKSON and PITNEY.

For the plaintiff in error, *John J. Crandall* and *Allen B. Endicott.*

For the defendant in error, *Thompson & Cole.*

The opinion of the court was delivered by

PITNEY, J. This is an action of tort. The plaintiff in error, by her declaration, averred that the defendant, on June

20th, 1895, unlawfully, and against her protest, entered upon certain lands of her's situate in Atlantic City, dug up the soil, erected a building thereon, and from thence until the commencement of the action unlawfully and willfully occupied said premises, took the rents, issues and profits thereof, and maintained the possession unlawfully against the plaintiff, so that she received no benefits or profits therefrom.

The defendant pleaded the general issue and several special pleas. One of the latter averred that prior to the commencement of the present action, to wit, July 5th, 1894, the plaintiff began an action in tort in this court against one John L. Young, wherein she alleged that on April 28th, 1894, Young, with his agents and servants, forcibly entered upon the same premises, dug up the soil and broke into, tore down and destroyed one building, used as an office, and two bedrooms and forty-two bath-houses, the property of the plaintiff there standing, and ousted and ejected the plaintiff from her said premises; that in said action a plea was filed by Young and the issue thereon joined was brought to trial, with the result that a verdict was rendered in favor of the plaintiff and against Young for $1,000; that this sum was paid by Young to the plaintiff, together with the costs of suit, and that the foregoing is the same trespass referred to in the declaration of the plaintiff in the present action.

Another special plea sets up that the plaintiff's right to the possession of the premises in question was under and by virtue of a lease dated March 4th, 1887, wherein and whereby John L. Young demised the premises to her for the term of her ownership of the bath-houses then situate on said premises, at the yearly rent of one dollar, to be paid on the 4th day of March in each year, with a condition that if default should be made in any of the covenants contained in the lease the same should thereupon be void, and it should be lawful for Young, without notice and without demand for rent, to re-enter the premises and remove all persons therefrom; that thereafter, and on June 30th, 1887, the plaintiff, by writing under her hand and seal, granted, bargained and sold the bath-houses to one Risley, and thereupon Young

entered upon and took possession of the premises, doing no more damage than was necessary, and that this is the same trespass referred to in plaintiff's declaration herein.

The plaintiff, by appropriate replications, denied the identity of the injuries complained of in the present action with those that were at issue in her former suit against Young, and denied that she sold the bath-houses in question to Risley, averring that the bill of sale made by her to him was intended as a chattel mortgage to secure a loan, upon the payment of which he was to reconvey the bath-houses to her, and that September 7th, 1892, Risley being deceased, his executrix did, by bill of sale, reconvey the bath-houses to the plaintiff.

Upon the trial it appeared in evidence that in the year 1887, and for some time prior thereto, the plaintiff was the owner of certain bath-houses and other buildings that were situate upon the lot of land in question, which appears to be located on or near the ocean beach in Atlantic City. Whether she at any time owned the land does not appear. On March 4th, 1887, she accepted from John L. Young a lease of the land, "being the same lot of land on which the bath-houses owned by the said Mary Williams now stand, with the appurtenances, for the term of the ownership of the said bath-houses by the said Mary Williams, at the yearly rent of one dollar, to be paid in annual payments on the 4th day of March in each and every year," with a proviso that if any rent should be due and unpaid, or default should be made in any of the covenants, the lease should become void, and it should be lawful for the lessor, without notice and without demand for rent, to re-enter the premises and remove all persons therefrom, or proceed by action for the recovery of the possession. There were covenants by the lessee for payment of the rent, against assigning the lease or underletting the premises, &c., and a proviso that in the event of the lessee desiring to sell the bath-houses the lessor should have the first refusal of the same.

It appeared in evidence that in the spring of 1894 John L. Young and certain of his employes entered the premises, tore down the bath-houses and evicted the plaintiff. It did

not appear that this entry was for breach of covenants. In the fall of that year, or in the following year, the present defendant constructed an engine-house upon the lot and maintained it there until the commencement of the present suit, on February 4th, 1897. At the same time there was evidence tending to show that in the years 1894, 1895, 1896 and 1897 plaintiff paid the annual rent to John L. Young, and that he accepted it.

There was evidence, therefore, from which the jury might reasonably find that the leasehold of the plaintiff continued, notwithstanding the conduct of her lessor in tearing down the buildings that constituted the chief value of the property to her. After demising to her a plot of ground for a term that was to endure so long as she owned the buildings situate thereon, the lessor could not work a legal termination of the lease by destroying the buildings. He could not thus take advantage of his own wrong.

But whether Young had or had not a right of entry as against the present plaintiff, it was at least disputable whether he had exercised it in such manner as to terminate her leasehold—a circumstance evidential to the contrary being his reception of rent. It is established law that provisos which render a demise void for breach of covenants by the lessee work an avoidance only at the election of the lessor. *Doe v. Bancks,* 4 *Barn. & Ad.* 401; *Rede v. Farr,* 6 *Mau. & Sel.* 121, 124; *Smith v. Miller,* 20 *Vroom* 521; *Creveling v. West End Iron Co.,* 22 *Id.* 34; *Vickers v. Electrozone Commercial Co.,* 37 *Id.* 9; 38 *Id.* 665. Consequently, the present defendant could not treat her demise as terminated by such a breach so long as it was recognized by her lessor as being in force. The defendant pleaded that it had succeeded to the estate of Young, the lessor of the plaintiff, but no proof was introduced to support this plea, and so the defendant stood in court as a stranger to the title.

At the conclusion of the trial the judge presiding directed a verdict for the defendant upon the ground that the evidence showed the plaintiff ousted by Young in 1894, and that she had made no formal or legal re-entry since the ouster,

and also because the proofs showed that the plaintiff had received compensation from Young for the same injury that formed the basis of her present action.

In this ruling we think error was committed. The gist of the plaintiff's complaint against, Young was the trespass upon her possession and destruction of her bath-houses in 1894. The gist of her demand against the present defendant is compensation for the use and occupation by the defendant of lands belonging to her. Her right of recovery in the present action does not depend upon any violence done to her possessory right, but upon the fact that defendant has had the usufruct of the property.

The defendant in error seeks to justify the ruling of the trial judge on the ground that plaintiff's tenancy under Young had terminated by a sale of her bath-houses. A bill of sale was introduced, made by the present plaintiff to one Risley, June 13th, 1887, whereby, for the expressed consideration of $200, she sold and conveyed to him the bath-houses in question. There was in evidence, however, a bill of sale made by the executrix of Risley to the present plaintiff, dated September 2d, 1892, reconveying the same bath-houses to the plaintiff. And it appeared that neither Risley nor his executrix at any time entered into possession of the bath-houses. This circumstance, coupled with the reconveyance by the executrix of Risley to the plaintiff, and the fact that for years thereafter Young continued to receive rentals from the plaintiff, at least tended to raise an inference that Young elected not to treat plaintiff's transfer of the bath-houses to Risley as a termination of her ownership of the houses.

The judgment under review should be reversed, and a *venire de novo* awarded.